**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

J. ALLESE JACKSON on her own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

QUEEN'S CARE IN HOME, INC.,
QUEEN'S CARE IN HOME 2, LLC, and
QUEEN MOSES,

    Defendants.

---

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

---

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages on her own behalf and on behalf of all others similarly situated against the above-named Defendants.

**STATEMENT OF THE CASE**

1. Defendants employed Plaintiff to provide in-home personal care to Defendants' elderly and disabled clientele.

2. Plaintiff's and her similarly situated co-workers' job duties included, but were not limited to, providing Defendants' clients with the following services: housekeeping, laundry, bedclothes changes, meal preparation and service, medication reminders, appointment scheduling, bathing, dressing, personal hygienic care, shopping, outdoor recreation and exercise and physical therapy.

3. Defendants refused to pay Plaintiff and all similarly-situated employees

overtime premiums for hours worked beyond forty (40) each work week and beyond twelve (12) each work day.

4. The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act (the "MWA"), C.R.S. §§ 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7 CCR 1103-1, require employers, like Defendants, to pay their employees overtime premiums for hours worked beyond forty (40) each work week.

5. The MWO requires employers like Defendants to pay overtime premiums for hours worked beyond twelve (12) each workday.

6. Defendants violated the FLSA and the MWO when they refused to pay Plaintiff and those similarly situated overtime premiums for overtime hours worked.

7. Defendants also refused to pay Plaintiff and others similarly situated for the hours they spent travelling between the jobsites that Defendants assigned them each day.

8. The FLSA and the MWO require employers like Defendants to compensate their employees for time spent travelling between jobsites.

9. Plaintiff seeks compensation for Defendants' violations of the FLSA and the MWO on her own behalf and on behalf of all those similarly situated.

**PARTIES, JURISDICTION, AND VENUE**

10. Plaintiff Allese Jackson is and was at all times relevant to this action a resident of the State of Colorado. Plaintiff Jackson's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

11. Defendant Queen's Care In Home, Inc. is a registered Colorado corporation

doing business at 5054 Billings Street, Denver, Colorado 80239.

12. Defendant Queen's Care In Home 2, LLC is a registered Texas limited liability company doing business at 14211 Eventide Drive, Cypress, Texas 77429.

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

14. Plaintiff requests that this Court exercise supplemental jurisdiction over her claims under the MWO pursuant to 28 U.S.C. § 1367.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

16. Defendants employed Plaintiff as a patient care provider in 2015 and 2017.

17. Plaintiff and Defendants' other employees provided Defendants' clients with the following services: housekeeping, laundry, bedclothes changes, meal preparation and service, assistance with medications, appointment scheduling, bathing, dressing, personal hygienic care, shopping, outdoor recreation and exercise and physical therapy.

18. Plaintiff and others similarly situated regularly worked more than forty (40) hours per week and more than twelve (12) hours per workday for Defendants.

19. Defendants refused to pay Plaintiff and others overtime premiums as required by law.

20. For example, during the pay period running from November 18, 2016 through December 1, 2017, Plaintiff worked 117 hours for Defendants and was not paid overtime premiums for those hours she worked beyond forty (40) each workweek and

beyond twelve (12) each workday. Similarly, during the pay period running from December 2, 2017 through December 15, 2017, Plaintiff worked 99.5 hours for Defendants and was not paid overtime premiums for those hours she worked beyond forty (40) each workweek and beyond twelve (12) each workday.

21. Defendants refused to pay all their employees overtime premiums for overtime hours worked.

22. Defendants also did not pay Plaintiff or their other employees any wages at all for those hours these employees spent travelling between Defendants' clients' homes.

23. For example, Plaintiff regularly spent approximately two (2) hours each day travelling from one of Defendant's client's home to the next and was not compensated for this time worked.

24. Defendants thus willfully refused to pay Plaintiff and those similarly situated overtime wages for overtime hours worked and willfully refused to pay Plaintiff and those similarly situated any wages for time spent travelling between jobsites.

25. At all times relevant to this action, Defendants employed persons, including Plaintiff and those similarly situated, within the State of Colorado.

26. At all times relevant to this action, Plaintiff and others performed labor for the benefit of Defendants and Defendants commanded when, where, and how much labor Plaintiff and others were to perform.

27. Defendants engaged in a business that sold a service -- care for the elderly and disabled -- to the consuming public, and generated 50% or more of its annual dollar volume of business from such sales.

28. Defendants also engaged in business that provided health and medical care.

29. At all times relevant to this action, Defendants enjoyed annual gross revenues in excess of $500,000.00.

30. During each year relevant to this action, Plaintiff and all Defendants' employees handled cleaning materials, foodstuffs, medications and other materials which moved in interstate commerce.

## RULE 23 CLASS ALLEGATIONS

31. Plaintiff brings her Count I claim under the MWO as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

32. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Rule 23 Class" as follows:

> All Defendants' Colorado employees who worked on or after March 16, 2016.

33. This action is properly brought as a class action for the following reasons:

34. All of Defendants' hourly employees were denied overtime premiums and travel time wages.

35. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class since that information is within the control of Defendants. However, upon information and belief, Plaintiff alleges that the number of Class Members exceeds 100. Membership in the class is readily ascertainable from Defendants' employment records.

36. The operative questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist. Common questions of law and of fact include: whether Plaintiff and the Class Members

were denied overtime premiums due them per the MWO and whether Plaintiff and the Class Members were denied wages for travel time due them per the MWO. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of unpaid overtime premiums and travel time wages. The wage claims at issue arise from a policy applicable to all members of the class. Each Member of the Class suffered the same violations that give rise to Plaintiff's claims. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

37. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the claims fully.

38. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

39. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants. If Defendants' wage payment policies were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

40. Those Class Members who worked for Defendants for short periods of time have small claims which they are unlikely to bring individually. All members of the Class

have claims which are factually very similar and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the MWO counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

41. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

42. Plaintiff is unaware of any pending litigation commenced by members of the Class concerning the instant controversy.

43. It is desirable to concentrate this litigation in this forum because all claims relevant to the Rule 23 Class arose in this Judicial District.

44. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

45. The contours of the class will be easily defined by reference to the payroll documents Defendants were legally required to create and maintain. Notice will be easily distributed because all members of the putative class are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of all such class members.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings her Count II claim under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly

7

situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "216(b) Class" as follows:

> All Defendants' employees who worked on or after March 16, 2015.

47. The 216(b) Class period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

48. All potential 216(b) Class Members are similarly situated because they worked for Defendants as hourly patient care provider employees and are or were subject to Defendants' common policy failing to pay overtime premiums and travel time wages.

### FIRST CLAIM
**Violation of the MWA, § 8-6-101, *et seq*. as implemented by the MWO, 7 CCR 1103-1**

49. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

50. Plaintiff alleges this claim on her own behalf and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. 23.

51. Defendant Queens Care In Home, Inc. was Plaintiff's and others' "employer" as that term is defined by the MWO because it employed Plaintiff and others in Colorado. 7 CCR 1103-1(2).

52. Plaintiff and others were Defendant Queens Care In Home, Inc.'s "employees" as that term is defined by the MWO because they performed labor for the

benefit of Defendant in which Defendant commanded when, where, and how much labor they would perform. 7 CCR 1103-1(2).

53.    Defendant Queens Care In Home, Inc. willfully violated the MWO when it refused to pay Plaintiff and others overtime premiums and travel time wages.

54.    Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

55.    Plaintiff and others are entitled to recover unpaid overtime premiums, travel time wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(18).

## SECOND CLAIM
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

56.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

57.    Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b).

58.    Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

59.    Defendants "employed" Plaintiff and others as that term is defined by the FLSA.  29 U.S.C. § 203(g).

60.    Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

61.    Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums and travel time wages.

62.    Defendants' violations of the FLSA were willful.

63.    Plaintiff and others have suffered lost wages and lost use of those wages in

an amount to be determined at trial.

64. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages and attorney fees and costs. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that:

I. As to her First Claim brought under the MWO:

   a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

   b. Plaintiff be certified as class representative of the Rule 23 Class;

   c. Undersigned counsel be appointed Rule 23 class counsel;

   d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

   e. Plaintiff and the Rule 23 Class be awarded the unpaid balance of the full amount of wages due, attorney fees and costs. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

   f. Plaintiff and the Rule 23 Class be awarded pre-judgment and post-judgment interest as permitted by law; and

   g. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

II. As to her Second Claim brought under the FLSA:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the 216(b) Class;

   b. Plaintiff and the 216(b) Class be awarded unpaid overtime premiums and travel time wages;

   c. Plaintiff and the 216(b) Class be awarded liquidated damages as required by law;

   d. Plaintiff and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

    e.  Plaintiff and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f.  Plaintiff and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

**MILSTEIN LAW OFFICE**

*S/ Brandt Milstein*
1123 Spruce Street, Suite 200
Boulder, CO 80302
303.440.8780
Fax: 303.957.5754
brandt@milsteinlawoffice.com

*Attorney for Plaintiff*

11